Clerk's Copy

FILED
AT ALBUQUERQUE NM
MAY 1 1 2000
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN J. HINES,

    Plaintiff,

v.    No. CIV 00-0055 JC/LCS

CORRECTIONS CORPORATION OF AMERICA,
WARDEN THOMAS NEWTON,
ASSIST. WARDEN DONALD RUSSELL,
GRIEV. & DISCIP. OFFICER LUCERO,
ASSIST. COMMANDER TERRY BUSTO,
JACK G. GARNER,
MR. BLANCHETTE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6) to review Plaintiff's original and two supplemental complaints (together the "complaint"). Also under consideration are Plaintiff's "Opposition to courts ruling on Motions that this plaintiff filed in this case [at] Bar" (Doc. #16) filed April 5, 2000, and motion for injunction (Doc. #18) filed April 12, 2000. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. An initial partial payment toward the required filing fee has been made.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court



applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts that Defendants have failed to safeguard Plaintiff's well-being, subjected him to retaliatory disciplinary proceedings, and denied him due process and access to the courts in disciplinary and grievance proceedings. Plaintiff brings these claims under the First, Fifth, Eighth and Fourteenth Amendments. In the supplemental complaints, Plaintiff directs his claims against two additional Defendants and adds a claim for emotional distress. The complaint seeks damages and equitable relief.

No relief can be granted on Plaintiff's due process claim based on allegations that, before he was placed in segregation, he was not allowed to call witnesses and present evidence at disciplinary proceedings. In *Sandin v. Conner*, 515 U.S. 472, 487 (1995), the Supreme Court ruled that denial of an inmate's request to call witnesses at a disciplinary hearing does not necessarily offend due process. The Court stated that inmate liberty interests are limited to freedom from significant hardships atypical of ordinary incidents of prison life, *id.* at 483-84, and involuntary segregated confinement is not such a hardship. *Id.* at 486-487. Plaintiff's due process claim will be dismissed.

Plaintiff's claim for denial of access to the courts must also be dismissed. This claim is based on the allegation that Defendants have failed and refused to comply with grievance procedures. As a result, because Plaintiff is required to exhaust administrative remedies, Defendants' conduct blocks his access to the courts. These allegations do not "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), because Plaintiff may assert in this Court his claim that administrative remedies are ineffective or futile. *Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir. 1997) ("Congress clearly intended to require prisoners to exhaust only 'such administrative remedies as are available'"); *and see Fever v. Booker*, No. 98-3239, 1999 WL 136922 (10th Cir. 1999) (exhaustion not required

2

under § 1997e(a) for monetary damages claims); *and cf. Lewis v. Smith*, No. 98-17415, 1999 WL 1044821, at **1 (9th Cir. 1999) (affirming dismissal of claim for inadequate grievance procedures; no liberty interest violated). Nor does Plaintiff allege that prison officials have actively interfered with his attempts to prepare and file legal documents. *Lewis v. Casey*, 518 U.S. at 350; *see Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint'"). Plaintiff's claim for denial of access to the courts will be dismissed.

In the first supplemental complaint (Doc. #4), Plaintiff asserts his claims against Defendants Garner and Blanchette. Plaintiff wrote letters to these Defendants, who are apparently officers of Defendant Corrections Corporations of America, in an attempt to expedite resolution of his grievances. Dissatisfied with the responses he received from Defendants Garner and Blanchette, Plaintiff now asserts his § 1983 claims against them. These claims will be dismissed for failure to affirmatively link these Defendants to the alleged violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A civil rights action may not be based solely on a theory of respondeat superior liability. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Id.*; *see Langley v. Adams County, Colorado*, 987 F.2d 1473, 1481 (10th Cir. 1993) (no claim for "inaction in the face of constitutional abuses"). Plaintiff's claims against Defendants Garner and Blanchette are unsupported by requisite allegations of personal involvement and will be dismissed.

Judgment will be entered on Plaintiff's claims in favor of Defendants Garner and Blanchette. Because these Defendants are no longer named parties, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final

3

judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b).

Plaintiff's "Opposition to courts ruling on Motions that this plaintiff filed in this case [at] Bar" (Doc. #16) is construed as a motion for expedited consideration. Plaintiff asks that the Court proceed to consider the merits of his complaint even though the initial payment has not been submitted. The payment has now been received and the motion will be denied as moot.

In his second motion for injunction (Doc. #18), Plaintiff seeks an order prohibiting Defendants from blocking access to the courts and inflicting emotional and physical abuse. As noted above, Plaintiff has not provided a basis for his claim of denial of access to the courts, and his allegations of abuse are not sufficient to invoke this Court's equitable jurisdiction. *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988). The motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's "Opposition to courts ruling on Motions that this plaintiff filed in this case [at] Bar" (Doc. #16) filed April 5, 2000, construed herein as a motion for expedited consideration, is DENIED as moot, and Plaintiff's second motion for injunction (Doc. #18) filed April 12, 2000, is DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims for violation of due process and denial of access to the courts, and all claims against Defendants Garner and Blanchette, be DISMISSED with prejudice; a form of judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Corrections Corporation Of America, Newton, Russell, Lucero, and Busto on Plaintiff's claims under the First and Eighth Amendments and for emotional distress.

_____
UNITED STATES DISTRICT JUDGE