**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JOHN J. HINES,**

       **Plaintiff,**

**vs.**                                                   **No. CIV 00-0055 JC/LCS**

**CORRECTIONS CORPORATION OF AMERICA,**
**WARDEN THOMAS NEWTON,**
**ASSIST. WARDEN DONALD RUSSELL,**
**GRIEV. & DISP. OFFICER LUCERO,**
**ASSIST. COMMANDER TERRY BUSTOS,**
**JACK G. GARNER,**
**MR. BLANCHETTE,**

       **Defendants.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 41), filed July 14, 2000, and Motion Requesting Permission to Add Relevant Argument to Filed Motion for Summary Judgment (Doc. 43), filed July 19, 2000. On January 19, 2000, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1). The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds that this Motion is not well-taken and recommends that it be **DENIED**.

**I.      Background**

Plaintiff, a *pro se* litigant, filed his Complaint pursuant to 42 U.S.C. §1983, seeking damages and injunctive relief.  The Complaint alleged that Defendants have failed to safeguard Plaintiff's well-being, subjected him to retaliatory disciplinary proceedings, and denied him due process and access to the courts in disciplinary and grievance proceedings in violation of the First, Fifth, Eighth and Fourteenth Amendments.  In supplemental complaints, Plaintiff asserted claims for emotional distress.

By Order and Memorandum Opinion and Order issued March 30, 2000 (Doc.15), and May 11, 2000 (Doc. 25) respectively, the Court *sua sponte* dismissed several of Plaintiffs claims.  Three claims under 42 U.S.C. §1983 remain: (1) a First Amendment claim; (2) an Eighth Amendment claim for physical injury caused by another inmate's attack on Plaintiff; and (3) an Eighth Amendment claim arising from emotional injuries allegedly caused by the attack.

Plaintiff moves for summary judgment on the merits of his claims.  In his Motion Requesting Permission to Add Relevant Argument to Filed Motion for Summary Judgment, Plaintiff submits additional legal argument in support of his claims.

**II.     Standard**

This Court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F. 2d 935, 938 (10th Cir. 1989).  At the same time, the Court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations.  *See Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

A motion for summary judgment may be granted only when "there is no genuine issue as to

any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F. 3d 1193, 1201 (10th Cir. 1999).

**III.   Discussion**

In his Motion Requesting Permission to Add Relevant Argument to Filed Motion for Summary Judgment, Plaintiff submits additional legal argument in support of his claims. In light of the liberal construction afforded *pro se* litigants, *see Gillihan v. Shillinger*, 872 F. 2d at 938, I will recommend that the Court grant this and will consider the legal argument contained therein in support of Plaintiff's Motion for Summary Judgment.

3

Plaintiff argues that he is entitled to summary judgment on his First Amendment claim, that Defendants retaliated against him for filing grievances and a lawsuit.  It is well-established that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts."  *Smith v. Maschner*, 899 F. 2d 940, 947 (10th Cir.1990); *Penrod v. Zavaras*, 94 F. 3d 1399, 1403 (10th Cir. 1996).  In order to prevail on such a claim, Plaintiff must present some evidence of retaliatory motive.  *See Smith*, 899 F. 3d at 949.

Plaintiff asserts that Defendants Lucero and Russell retaliated against him.  However, Defendants have submitted the affidavits of Defendants Lucero and Russell stating that the grievances were handled impartially and that they never acted with a retaliatory motive.  In this case, the facts surrounding the alleged retaliation are disputed.  Plaintiff has failed to properly support his Motion for Summary Judgment in this regard and has failed to meet his burden.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Thus, Plaintiff's Motion for Summary Judgment should be denied with respect to the First Amendment claim.

Plaintiff argues that he is entitled to summary judgment on his Eighth Amendment claims.  Plaintiff contends that Defendants knew that he was at a substantial risk of attack from another inmate and disregarded that risk.  The Eighth Amendment imposes a duty upon prison officials to protect prisoners in custody from violence at the hands of other prisoners.  *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To prevail on a claim of failure to protect under the Eighth Amendment, an inmate must show he was "incarcerated under conditions posing a substantial risk of serious harm," and that the prison officials subjectively knew of and disregarded that safety risk.  *Id.* at 834, 837; *see also Grimsley v. MacKay*, 93 F. 3d 676, 681 (10th Cir .1996). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways,

4

including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842 (internal citation omitted).

In his affidavit, Plaintiff states that he told Defendant Bustos that he was being attacked by inmates Blackman and Wolfenden, and that when Defendant Bustos moved him to another pod, Bustos forced him to walk past Wolfenden's cell, which resulted in the attack. (Pl. Aff. ¶¶ 7-8; 11-14.) In response, Defendants have submitted the affidavit of Defendant Bustos, stating that Bustos did not know that Wolfenden posed a threat to Plaintiff, that he did not force Plaintiff to walk close to Wolfenden's cell and that he never knowingly places Plaintiff is a position of risk to his personal safety. (Def. Ex. 3 at ¶¶ 4; 6-7.)

In this case, the facts as to exact circumstances of the attack are disputed. Plaintiff has failed to properly support his Motion for Summary Judgment in this regard and has failed to meet his burden. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Thus, Plaintiff's Motion for Summary Judgment should be denied with respect to the Eighth Amendment claims.

### RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion Requesting Permission to Add Relevant Argument to Filed Motion for Summary Judgment (Doc. 43.), filed July 19, 2000, be **GRANTED** and that Plaintiff's Motion for Summary Judgment (Doc. 40), filed July 14, 2000, be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

 

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**