IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN J. HINES,

       Plaintiff,

vs.                                                                                               No. CIV 00-0055 JC/LCS

CORRECTIONS CORPORATION OF AMERICA,
WARDEN THOMAS NEWTON,
ASSIST. WARDEN DONALD RUSSELL,
GRIEV. & DISP. OFFICER LUCERO,
ASSIST. COMMANDER TERRY BUSTOS,
JACK G. GARNER,
MR. BLANCHETTE,

       Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 40), filed July 14, 2000. On January 19, 2000, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1). The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds that this Motion is not well-taken and recommends that it be **DENIED**.

**I.    Background**

      Plaintiff, a *pro se* litigant, filed his Complaint pursuant to 42 U.S.C. §1983, seeking damages

and injunctive relief. The Complaint alleged that Defendants have failed to safeguard Plaintiff's well-being, subjected him to retaliatory disciplinary proceedings, and denied him due process and access to the courts in disciplinary and grievance proceedings in violation of the First, Fifth, Eighth and Fourteenth Amendments. In supplemental complaints, Plaintiff asserted claims for emotional distress.

By Order and Memorandum Opinion and Order issued March 30, 2000 (Doc.15), and May 11, 2000 (Doc. 25), respectively, the Court *sua sponte* dismissed several of Plaintiffs claims. Three claims under 42 U.S.C. §1983 remain: (1) a First Amendment claim; (2) an Eighth Amendment claim for physical injury caused by another inmate's attack on Plaintiff; and (3) an Eighth Amendment claim arising from emotional injuries allegedly caused by the attack.

## II.     Discussion

Plaintiff moves for entry of default against Defendant Newton for failure to answer the complaint or serve a motion under FED. R. CIV. P. 12 (b). Federal Rule of Civil Procedure 55 (b) sets out a two-step process for a party seeking a default judgment. First, the party must obtain the Clerk's entry of default against the opposing party. This is accomplished by notifying the Court through an affidavit or otherwise that the opposing party has failed to plead or defend the lawsuit. *See* FED. R. CIV. P. 55 (a); *see also Meehan v. Snow*, 652 F. 2d 274, 276 (2d Cir. 1981). Second, the party must actually move the Court to enter the default judgment. *See* FED. R. CIV. P. 55 (b)( 2); *see also Meehan*, 652 F. 2d at 276. The district court is vested with broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F. 2d 1463, 1468 (10th Cir. 1987).

Plaintiff's Motion for Default Judgment should be denied for at least two reasons. First, Plaintiff failed to obtain an entry of default judgment from the Clerk. Second, due to the strong

policy favoring decisions on the merits and against resolution of cases through default, default judgments are generally avoided by the courts. *See Ruplinger v. Rains*, 946 F. 2d 731, 732 (10th Cir. 1991). For these reasons, I recommend that the Motion for default judgment should be denied.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion for Default Judgment (Doc. 40), filed July 14, 2000, be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**